132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Regan WHITESIDE, Defendant-Appellant.
 No. 97-1519.
 United States Court of Appeals, Seventh Circuit.
 Nov. 25, 1997.
 
 1
 Before COFFEY, EASTERBROOK and KANNE, CJ.
 
 ORDER
 
 2
 Pursuant to a written plea agreement, Regan Whiteside pleaded guilty to the June 1996 armed bank robbery of the Tri-City National Bank in Milwaukee, Wisconsin, in violation of 18 U.S.C. § 2113(a) & (d) and the use of a firearm in relation to a violent crime under 18 U.S.C. § 924(c)(1). The district court sentenced Whiteside to 65 months' incarceration for the armed bank robbery to run consecutively to the mandatory 60 months' incarceration on the firearm conviction. The 125 months' incarceration was to run consecutively to an unrelated state court sentence involving Whiteside's parole for a state armed robbery conviction and probation for a felon-in-possession conviction, which were revoked due to the Tri-City National Bank armed robbery. Whiteside's appellate attorney seeks to withdraw on the ground that there are no nonfrivolous issues to be raised on appeal. Anders v. California, 386 U.S. 738 (1967); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Because counsel's Anders brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief. Wagner, 103 F.3d at 553; United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997). Pursuant to Circuit Rule 51(a), Whiteside was notified of his counsel's actions and was given an opportunity to respond, which he did.
 
 
 3
 In his Anders brief, counsel asserts the potential issue that the district court did not comply with Federal Rule of Criminal Procedure 11 and defendant does not indicate any desire to withdraw his guilty plea. We agree with counsel that Whiteside's guilty plea satisfies the requirements of Federal Rule of Criminal Procedure 11. Thus, after independently reviewing the plea hearing transcript, we conclude that any challenge to the voluntariness of the guilty plea would be frivolous.
 
 
 4
 Counsel asserts the possible claim that Whiteside was not sentenced in compliance with Federal Rule of Criminal Procedure 32. Rule 32 requires that the district court provide the defendant with a copy of the presentence investigation report (PSR) and give counsel the opportunity to state objections to the report and comment on matters relating to the sentence. The sentencing transcript shows that Whiteside and his counsel had a sufficient opportunity to review the PSR and that there were no objections to the report. Furthermore, counsel commented that despite his offenses, Whiteside was cooperative. Because we conclude that the district court complied with Rule 32, any claim based on a violation of Rule 32 would be frivolous.
 
 
 5
 In his Circuit Rule 51(a) response, Whiteside's central argument is that he pleaded guilty with the understanding that his state and federal sentences were to run concurrently, not consecutively. After the written plea agreement was signed, Whiteside was de-briefed by law enforcement officials regarding other robberies. In exchange for his cooperation, Whiteside maintains that the prosecutor promised to recommend to the district court that his federal sentence should run concurrently to his state court sentence. However, there was no discussion of whether the state and federal sentences should run concurrently or consecutively at Whiteside's plea hearing. However, the government agreed to inform the Milwaukee County District Attorney about Whiteside's cooperation with law enforcement officials. Defense counsel also informed the court of this agreement, which he characterized as an agreement between the parties that was "not actually embodied in the plea agreement." (Plea Hearing at 7). Whiteside then acknowledged his counsel's and the government's interpretation of the agreement. Whiteside's plea colloquy further indicates that he was not threatened, coerced, or promised to sign the plea agreement. We have already determined that Whiteside's guilty plea was made voluntarily. As such, Whiteside's argument that his federal sentence should run concurrently to his state sentence is frivolous.
 
 
 6
 Last, Whiteside asserts that his attorney was unprofessional, unethical, mislead the court, and that there was no documentation that counsel explained his motion to withdraw to Whiteside. Ostensibly, Whiteside asserts these allegations as potential bases for an ineffective assistance of trial counsel claim. Strickland v. Washington, 466 U.S. 668 (1984). However, the record fails to support any such nonfrivolous claim. First, Whiteside's assertions that his counsel was misleading, unprofessional, and unethical are in the context of his argument that his federal sentence should run concurrently to his state sentence, an argument this court has deemed frivolous. Second, Rule 51(a) does not require counsel to submit documentation that he explained the no-merit report to defendant. Indeed, the requirements under Circuit Rule 51(a) were fulfilled. The record indicates that counsel filed his Anders brief with proof of service indicating Whiteside's address. This court then notified Whiteside of counsel's motion to withdraw and his opportunity to respond.
 
 
 7
 Because we GRANT counsel's motion to withdraw, the appeal is DISMISSED as frivolous.[1]
 
 
 
 [1]
 Whiteside's Motion For Appointment of Counsel, Counsel's Response to Appellant's Motion for Appointment of Counsel, Whiteside's Motion to Amend Documents From Appointed Counsel, and Whiteside's Motion to Suppress the No Merit Report and Appendix are denied as moot